UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>BRIAN XAVIER SANCHEZ ,<br><br>                                Defendant. | Case No.:  21-CR-554-CAB<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

Defendant seeks the Court to reconsider its detention order and set bond in the amount of $100,000 secured by real property. (ECF 40) The Government opposes the motion. (ECF 36)

On February 4, 2021, the Court held a detention hearing after which the Court detained the Defendant based on serious risk of flight as well as relying on the rebuttable presumption of detention.  The Court ordered the transcript of that hearing (ECF 42) wherein it listed all the factors relied upon by the Court for detention.

> **THE COURT:** So it's without prejudice, but in this case, I find, given the rebuttable presumption, given that it's a drug offense, that he should be detained. I do find the Government has met its burden.
> The evidence is overwhelming. He has ties to Mexico. There are no viable sureties that can sign for him. He's on parole at this time. He has a very

serious criminal history of violence, as mentioned. In 2011, he was convicted of – of force with GBI, which is great bodily injury, and a criminal street gang enhancement. He is a documented member of a criminal street gang, which in itself is a danger to this community. He has indicated also violations of his probation as well as parole. Recently, in 2018, he was given 32 months for being a felon addict in possession of a firearm as well as obstructing and resisting arrest. It's a serious prison sentence.

So for all those circumstances, I find that you should be detained, but as Mr. Guthrie indicated, Mr. Sanchez, it's without prejudice. If circumstances change, then he can come back and ask for bail.(RT at 4-5)

On March 31, 2021, the Defendant asked to reopen the detention hearing based on new evidence, that there were two individuals who owned a house together and were willing to put up a bond of $30,000. Counsel for Defendant indicated that they had at least $350,000 in equity. Initially the Court indicated that it would consider $100,000 bond secured by the property. However, Government counsel opposed detailing his reasons.

**MR. BERMAN:** May I -- thank you, Your Honor. The defendant has seven arrests for parole violations. He committed the instant offense while on early release due to the pandemic and not due to any kind of good behavior. He's facing significant time. I think we're going to --it depends on the purity, but in all likelihood, he'll start at least at a 32 as a base offense level for the guidelines. I'm not sure whether he's a career offender, but he's -- it looks like he's got at least nine or ten points. So he's looking at very significant time, and given his history, I think he has every incentive to flee and has – and has demonstrated that he would not abide by any conditions of the Court. So, Your Honor, the United States would oppose even a hundred-thousand-dollar bond. (RT at 5-6)

**THE COURT:** Given the objection, I think you should file a motion for reconsideration and indicate to me the maximum amount these two folks will put up, and I'll consider it. (RT at 7).

The Defendant pursuant to the Court's suggestion filed another motion to reconsider the detention order, this time recommending a property bond in the amount of $100,000 with Dawn Rogers as the surety. The Court finds the $100,000 proposal

inadequate to reasonably assure Defendant's appearance as required as well as the safety of the community. Given Defendant's significant criminal record as detailed in his Pretrial Services report and the Government's opposition (ECF 36 at 4), his on-going criminal street gang affiliation as well as the lengthy sentence he faces if he is convicted, the Court will not revoke its detention order.  Defendant's motion is denied.

**IT IS SO ORDERED**.

Dated:  August 19, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

21cr2171